MEMORANDUM *
Pete Prolo (“Officer Prolo”) appeals the district court’s summary judgment order denying him qualified immunity with respect to the Fredenburgs’ false imprisonment and Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
The facts alleged by the Fredenburgs show that Officer Prolo’s conduct violated a clearly established constitutional right. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The Fourteenth Amendment “guarantee[s] that parents and children will not be separated by the state without due process of law except in an emergency.” Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir.2000); accord Mabe v. San Bernardino Cnty., Dept. of Pub. Soc. Servs., 237 F.3d 1101, 1107 (9th Cir.2001). Accordingly, officials may remove a child from his or her parents only when they have “reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.” Wallis, 202 F.3d at 1138. Here, although Officer Prolo had reasonable cause to remove the children from Mrs. Fredenburg, he failed to determine or even consider whether Mr. Fredenburg posed a threat to the children before removing the children from him and placing them with a social worker. See id. at 1140-41, 1142 n. 14 (“The government may not, consistent with the Constitution, interpose itself between a fit parent and her children simply because of the conduct— real or imagined — of the other parent.” (emphasis added)).
The right to familial association free from government intrusion, absent reasonable cause to believe both parents pose a threat to the children, was clearly established in Wallis, a case that predates Officer Prolo’s conduct. See id. at 1138, 1140-41, 1142 n. 14. Here, as in Wallis, one of the children’s parents was not implicated in the criminal investigation and was immediately available to take custody of the children. Id. at 1140-41. The Fredenburgs allege Officer Prolo was aware that Mr. Fredenburg and his parents were at the police station, but declined to question or otherwise investigate Mr. Fredenburg before deciding to place the children with child protective services. On summary judgment review, we must take “the version of the material facts asserted by the [Fredenburgs] to be correct.” Robinson v. Prunty, 249 F.3d 862, 866 (9th Cir.2001) (quotation marks and citation omitted). Given that standard, “[t]here is no evidence that the children could not have been [placed] with their [father].... A genuine issue of material fact exists therefore as to whether the removal of the children from their [father]’s custody ... was sufficiently ‘strictly circumscribed by *116 the exigency that justified’ [Officer Proloj’s intrusion into the children’s lives.” Wallis, 202 F.3d at 1140-41 (quoting Good v. Dauphin Cnty. Soc. Servs. for Children and Youth, 891 F.2d 1087, 1093 (3d Cir.1989)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.